23 C.O.P.A.(Patents)

In re LINDBERG.

Patent Appeal No. 3555.

Court of Customs and Patent Appeals.
Dec. 2, 1935.

James A. Carr and Joseph J. Gravely, both of St. Louis, Mo., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed a decision of the examiner rejecting claims 5, 6, 7, 9, and 11 of appellant's application for lack of invention in view of the prior art. So far as appears from the record, no claims were allowed. From said decision of the Board of Appeals appellant took this appeal.

Claims 5, 6, and 7 are apparatus claims, and 9 and 11 are process claims. Claims 5, 7, and 9 are illustrative and read as follows:

"5. A hot bar rolling mill comprising two sets of finishing rolls having their passes of substantially the same shape and in direct alignment, the second set of rolls being located in close proximity to the first set of rolls, the axes of rotation of the second set being disposed at an angle of substantially ninety degrees with relation to the axes of the first set of rolls, and the pass of the second set being slightly smaller than the pass of the first set of rolls."

"7. A hot bar rolling mill comprising two sets of finishing rolls located in close proximity to each other, the axes of rotation of the second set being disposed at an angle of substantially ninety degrees with relation to the axes of the first set of rolls, the pass of the second set being of substantially the same size and shape as the pass of the first set of rolls, adjusting means for adjusting the size of the pass of the first set of rolls and comparatively finer adjusting means for accurately adjusting the size of the pass of the second set of rolls."

"9. The process of rolling hot bars and the like which consists in passing the work through work reducing rolls and then through two sets of finishing rolls located in close proximity to each other and having substantially the same shape of pass, the axes of the rolls of said first set being at an angle of ninety degrees to those of the second set and the second set of rolls being adjusted in such manner that the size of pass is the exact size of the finished bar and the first set of rolls having a slightly larger size of pass."

The references relied upon by the Patent Office tribunals are:

Daniels, 271,225, January 30, 1883,

Edwards, 780,644, January 24, 1905.

Appellant's application relates to rolling mills for, and process of, rolling hot bars. The alleged novel character of the mill disclosed by appellant is the closely proximate arrangement of two sets of finishing rolls; the rolls of one set being disposed at substantially right angles to the rolls of the other set, and the pass of the second set being slightly smaller than the pass of the first set. A further feature embraced in claim 7 is the provision of a finer adjusting means for the second set of rolls than for the first set.

The patent to Daniels relates to rolling metal rods and bars, and discloses a series of sets of reducing rolls and sets of auxiliary rolls. In one of the figures of the drawings the rolls of each set are disposed at right angles to the rolls of the adjacent set or sets.

The principal object of the patentee was to press into the rod or bar the

fins near the ends thereof which were produced in the reducing rolls, and that object, the patentee states, is accomplished by the use of said auxiliary rolls. However, the specification states that: "* * * [the] auxiliary rolls are effective to act upon the finned or distorted portions of the rod, serving to correct distortions, to reduce the fins, *and to maintain uniformity of size throughout the length of the rod,* by subjecting it, or the distorted portions thereof, to a duplex or second rolling action without a material change in the size or sectional area of the body of the rod as it passes said auxiliary rolls." (Italics ours.)

The specification also states: "* * * Another advantage is that by avoiding the formation of fins it is practicable to roll the rods to a smaller size, and thus save time and labor heretofore required in the subsequent operations of reduction by cold-drawing through dies."

The patent to Edwards relates to a rolling mill for polishing round bars, and discloses sets of rolls placed at right angles to each other, means being provided for adjusting the size of the pass between the rolls.

The examiner seems to have rejected all of the claims upon both references, and also rejected claims 9 and 11 upon the additional ground that the process claims merely recite the function of the machine and are therefore improper.

In the examiner's statement upon appeal he apparently relied upon the Edwards reference only in connection with the Daniels reference for the rejection of claim 7.

The Board of Appeals specifically relied upon the Daniels patent for the rejection of claims 5, 6, 9, and 11, and upon Daniels in view of Edwards for the rejection of claim 7. Further, with respect to claims 9 and 11, the board stated: "Claims 9 and 11 have been further rejected as being for the mere function of the machine. It is believed the process recited in these claims is substantially disclosed in Daniels and that any attempted distinction thereover resides in apparatus features which have been included in detail in the claims."

We find no error in the decision of the Board of Appeals. It appears to us that the Daniels patent is a complete anticipation of claims 5, 6, 9, and 11. His auxiliary rolls, in one of the figures of

the drawings, are placed at right angles to his last set of reducing rolls, and we think they would perform the same functions as appellant's rolls for which he claims invention. It is true that Daniels had principally in mind, as appears from the patent, compressing the fins or projections formed at the ends of the rods in the process of rolling; but it is evident to us that his auxiliary rolls would operate throughout the entire length of the rod in the same manner as appellant's last set of finishing rolls. Appellant attempts to distinguish between his last set of finishing rolls and the auxiliary rolls of Daniels in the fact that Daniels states that his auxiliary rolls are "provided with grooves that in size substantially correspond in sectional area with the grooves in their preceding pair of rod-reducing rolls," while appellant's specification and claims provide that the pass of the second set of finishing rolls is slightly smaller than the pass of the first set of rolls. Upon this point the Board of Appeals stated, with respect to the Daniels patent, as follows: "* * * The auxiliary rolls are provided for the purpose of pressing into the rod or bar the fins which have been produced in the reducing rolls. The passes between a set of reducing rolls and the succeeding set set of auxiliary rolls are practically of the same sectional area but it is deemed obvious to make the pass through the auxiliary rolls slightly smaller than that through the preceding reducing rolls since the auxiliary rolls are intended to grip the rod and to be driven at a slight excess of speed to prevent sagging between the two sets of rolls."

The examiner upon this point stated: "* * * Daniels states that the finishing passes are substantially the same size and shape. Obviously the last pass would necessarily be smaller than the preceding one to feed the material and properly roll down the fin. * * *"

We are in accord with the views expressed in the foregoing quotations, and are of the opinion that the element of the claims respecting the slightly smaller pass in appellant's second set of rolls does not lend patentability to the claims.

It will be noted that claim 7 contains the additional element of "adjusting means for adjusting the size of the pass of the first set of rolls and comparatively finer adjusting means for accurately adjusting

the size of the pass of the second set of rolls."

This claim was rejected as being unpatentable over Daniels in view of the patent to Edwards, showing that it is old to provide means for adjusting the size of the pass between the rolls of each set. We agree with the board that no invention is involved in using adjusting means of a sufficient degree of fineness to obtain the desired adjustment. In the case of In re Brandt, 64 F.(2d) 693, 694, 20 C.C.P.A. (Patents) 1005, we said: "Adjustability is usually not a patentable subject-matter unless the adjustability is made in a new and improved way."

No particular character of adjusting means is shown or claimed by appellant.

Further, with respect to the process claims, 9 and 11, we think they merely recite the obvious function of the apparatus claimed, and we are further of the opinion that the processes claimed are substantially disclosed by the Daniels patent.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.